IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JORGE ROJAS**, *on behalf of himself and all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> **AMERICAN POLICE OFFICERS ALLIANCE, INC.**, <br><br> Defendant. | Case No. 1:26-cv-00581 |

**DEFENDANT AMERICAN POLICE OFFICERS ALLIANCE, INC.'S**
**ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant American Police Officers Alliance, Inc. ("APOA"), through counsel, hereby answers, paragraph by paragraph, Plaintiff Jorge Rojas's Class Action Complaint ("Complaint"), Dkt. No. 1.

## INTRODUCTION

1. The allegations in this Paragraph do not address APOA, and contain an incomplete recitation of legal conclusions, such that no response is required, but to the extent a response is deemed required, denied.

2. APOA denies both that it called Plaintiff for telemarketing purposes, and denies that it made a call to him with prerecorded voice.

## JURISDICTION AND VENUE

3. Admitted.

4. The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

5. APOA denies that any calls to a 424 area code, which is associated with Los Angeles County, California, grounds venue in this district.

## PARTIES

6. APOA lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in this Paragraph, and therefore denies them.

7. The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

8. APOA admits only that it is a tax-exempt national political organization headquartered in Arlington, Virginia.

## TCPA BACKGROUND

9. The allegations in this Paragraph do not address APOA, and contain an incomplete recitation of legal conclusions, such that no response is required, but to the extent a response is deemed required, denied.

10. The allegations in this Paragraph do not address APOA, and contain an incomplete recitation of legal conclusions, such that no response is required, but to the extent a response is deemed required, denied.

11. The allegations in this Paragraph do not address APOA, and contain an incomplete recitation of legal conclusions, such that no response is required, but to the extent a response is deemed required, denied.

## FACTUAL ALLEGATIONS

### Plaintiff Rojas's Allegations

12. APOA lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in this Paragraph, and therefore denies them.

13. APOA lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in this Paragraph, and therefore denies them.

14. APOA denies making any calls with prerecorded voice to Plaintiff without his prior express consent.

15. Denied; after a live-agent call in which Plaintiff agreed to hear a recorded message about how to complete his donation pledge to APOA, the call disconnected, Plaintiff returned the call, and the call later resumed at the point at which it had been disconnected. APOA denies making any calls with prerecorded voice to Plaintiff without his prior express consent, and denies that Plaintiff did not pledge a donation to it.

16. APOA incorporates its response to paragraphs 14-15 as if fully set forth here.

17. APOA admits that the November 5, 2025 call used that telephone number as the Caller ID; APOA further incorporates its response to paragraphs 14-15 as if fully set forth here.

18. APOA denies making any calls with prerecorded voice to Plaintiff without his prior express consent, and admits only that to preserve resources and provide a consistent, compliant, documented donation-pledge-process, the payment and pledge-verification portions of the campaign include certain prerecorded elements.

19. Denied.

20. APOA admits only that, after Plaintiff agreed to continue the call by offering a donation to the live agent, later aspects of donation-pledge calls to secure the contribution included certain prerecorded voice elements for compliance and quality-control purposes.

21. APOA admits only that that is its name and website.

22. APOA admits only that it has been targeted by meritless TCPA litigation before, but denies any wrongdoing there, and here.

23. This statement is a non sequitur, to which no response is required, but to the extent a response is deemed required, denied.

24. The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

**Class Action Allegations**

25. The allegations in this Paragraph do not address APOA, and contain an incomplete recitation of legal conclusions, such that no response is required, but to the extent a response is deemed required, denied.

26. The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied, and APOA specifically denies that Plaintiff would even be a member of this proposed, non-existent class.

27. The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

28. The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

29. The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

30. The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

31. The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

32. The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

33. The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

34. The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

35. The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

### FIRST CAUSE OF ACTION

36. APOA incorporates its responses to the allegations in the preceding paragraphs as if fully set forth here.

37. Denied.

38. Denied.

39. The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied

### PRAYER FOR RELIEF

APOA denies that Plaintiff is entitled to any relief from it.

### GENERAL DENIAL

All the allegations set forth in the Complaint not specifically admitted above are denied.

### AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred to the extent the call at issue began with a live agent using human voice, and thus was not made or initiated using an artificial or prerecorded voice. *See Howard v. Republican Nat'l Comm.*, No. 23-3826, 2026 U.S. App. LEXIS 787, at *15 (9th Cir. Jan. 13, 2026) (concluding "that Howard's complaint failed to state a claim under either § 227(b)(1)(A)(iii) or § 227(b)(1)(B)" because "[a]lthough the RNC's text message . . . *contained* a video file with an artificial or prerecorded 'voice' within the meaning of those subsections,

Howard has not alleged that the RNC '*ma[d]e*' or '*initiate[d]*' that 'call' '*using*' the artificial or prerecorded voice, as required to state a claim under the subsections.") (emphasis in original).

2. Plaintiff's claims are barred to the extent the call that forms the basis of the Complaint was not made with artificial or prerecorded voice within the meaning of 47 U.S.C. § 227, such that APOA's alleged call to him, as a tax-exempt not-for-profit entity, is not actionable.

3. Plaintiff's claims fail as a matter of fact and law as to APOA insofar as it did not make the calls that form the basis of the putative class Complaint.

4. Plaintiff's claims are barred to the extent the calls that form the basis of the putative class Complaint resulted from the acts or omissions of third parties who were not agents of APOA, over whom APOA exercised no control, and for whose conduct APOA is not responsible.

5. Plaintiff's claims fail as a matter of fact and law to the extent the calls that form the basis of the putative class Complaint were not made on APOA's behalf or by any of APOA's agents that had authority, actual or apparent, to act on APOA's behalf with respect to such calls being made.

6. Plaintiff's claims are barred as to APOA as it acted reasonably and with due care, and complied with all applicable statutory, regulatory, and common law requirements.

7. Plaintiff's claims are barred to the extent he and/or any purported class member expressly consented to receive the calls that form the basis of the Complaint and did not revoke such consent or failed to utilize a reasonable method to clearly express a desire to revoke such consent.

8. Plaintiff's claims are barred to the extent he and/or any purported class member lacks standing to assert them.

9. Plaintiff fails to state a claim for relief under Federal Rule of Civil Procedure 23.

10. Plaintiff's TCPA Pre-recorded Class claim fails as individual questions concerning class members predominate over any common questions of law or fact.

11. Plaintiff cannot demonstrate that class relief is superior to any alternative adjudication of individual member's claims.

12. Plaintiff has failed to plead an ascertainable class.

13. An award of statutory damages violates the Due Process Clause of the United States Constitution.

14. An award of elevated statutory damages is improper, as APOA did not engage in any knowing or willful misconduct.

15. Plaintiff's claims are barred by any other matter constituting an avoidance or defense on legal or equitable grounds.

## RESERVATION OF RIGHTS

APOA reserves the right to amend this Answer and/or to assert additional defenses and/or supplement, alter, or change any of the responses set forth in this Answer in any manner upon further investigation and/or discovery.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, APOA prays that the Complaint be dismissed with prejudice.

Dated February 13, 2026

Respectfully submitted,

By: /s/ *Thomas C. Flowers*

Quintairos, Prieto, Wood & Boyer
141 W. Jackson Blvd
Suite 1575
Chicago IL 60604
312-566-0040
ARDC No. 6310862
Thomas.flowers@qpwblaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 13, 2026, I electronically filed Defendant American Police Officers Alliance, Inc.'s Answer to Plaintiff's Class Action Complaint with the Clerk of Court using its CM/ECF system, which will provide notice of such filing to the following counsel:

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

                                            Respectfully submitted,

                                            By: /s/ *Thomas C. Flowers*