**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JORGE ROJAS,** on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**AMERICAN POLICE OFFICERS ALLIANCE, INC.**<br><br>*Defendant*. | Civil Case No.: 1:26-cv-00581<br><br>**Judge Thomas M. Durkin** |

**JOINT STATUS REPORT**

**(1) The Nature of the Case**

**a. Attorneys of Record**

**For Plaintiff:**
Anthony I. Paronich (Lead Trial Attorney)
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Email: anthony@paronichlaw.com

**For Defendant:**
Thomas C. Flowers, Esq.
Quintairos, Prieto, Wood & Boyer
141 W. Jackson Blvd
Suite 1575
Chicago IL 60604
312-566-0040
ARDC No. 6310862
Thomas.flowers@qpwblaw.com

**b. Basis for Federal Jurisdiction**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### c. Nature of the Claims and Relief Sought

#### 1. Plaintiff's Statement

Plaintiff brings this putative class action alleging that Defendant American Police Officers Alliance, Inc. made unsolicited telemarketing calls using a pre-recorded or artificial voice to Plaintiff's cellular telephone without prior express written consent, in violation of the TCPA. Plaintiff alleges that Defendant placed at least one pre-recorded call to Plaintiff on November 5, 2025 seeking donations for a policy organization.  Plaintiff seeks to represent a nationwide class of individuals who received similar calls using the same or substantially similar pre-recorded voice messages.

Plaintiff seeks statutory damages of $500 per violation, or $1,500 per violation if the conduct is found to be willful or knowing pursuant to the TCPA, certification of the proposed class, appointment of Plaintiff as class representative and Plaintiff's counsel as class counsel, declaratory and injunctive relief, and any other relief the Court deems just and proper.

No counterclaims have been asserted at this time.

#### 2. Defendant's Statement

Defendant denies and contests Plaintiff's claims. Defendant American Police Officers Association, Inc. ("APOA") is an IRC Section 527 tax-exempt nonprofit political organization. It engages in a variety of lawful outreach campaigns, including efforts to solicit donations.  APOA made a lawful, live-agent call to Plaintiff in which he agreed to make a pledge via APOA's automated pledge receipt and verification system, which includes automated components.   After

agreeing to proceed through the prerecorded component of the pledge process, that call disconnected, and APOA reached him again a few days later to conclude the process. These calls were not "telemarketing" and did not require "prior express written consent" as a matter of law under 47 C.F.R. § 64.1200(a)(2).

## (2) Pending Motions and Case Plan

### a. Pending Motions

There are presently no pending motions.

### b. Proposed Discovery Plan

The parties propose that discovery will include written discovery (interrogatories, requests for production, and requests for admission), document production, Rule 30(b)(6) depositions, fact witness depositions, and discovery concerning class certification issues. Discovery will focus on Defendant's calling practices, the technology used to place calls, consent records, and the scope of the putative class.

The parties further propose the following discovery schedule:

| Event | Proposed Date |
| --- | --- |
| **Deadline to issue initial written discovery** | April 29, 2026 |
| **Deadline to amend pleadings** | June 30, 2026 |
| **Close of discovery** | October 1, 2026 |
| **Plaintiff expert reports** | October 31, 2026 |
| **Defendant expert reports** | November 30, 2026 |
| **Rebuttal expert reports** | December 14, 2026 |
| **Motion for Class Certification and for Summary Judgment (unless modified by Order of Court or following in-Chambers discussion)** | January 13, 2027 |

**(c) E-Discovery**

Electronically stored information will likely be relevant to this action, including call logs, dialing system data, consent records, and vendor communications. The parties will meet and confer regarding appropriate search protocols, custodians, and formats of production to ensure efficient handling of ESI. At this time, the parties do not anticipate electronic discovery disputes but will promptly bring any disputes to the Court if they arise.

**(d) Jury Trial**

Plaintiff has requested a jury trial and the parties estimate the trial will last approximately 3–5 days if this matter is certified as a class action.

**(3) Consent to Proceed Before a Magistrate Judge**

The parties do not consent to proceed before a Magistrate Judge for all purposes.

**(4) Status of Settlement Discussions**

Plaintiff anticipates making a settlement demand following discovery into the putative class size. The parties are not requesting a settlement conference before the assigned Magistrate Judge at an appropriate time.

RESPECTFULLY SUBMITTED AND DATED this March 24, 2026.

By: */s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*/S/ Thomas C. Flowers*
One of the attorneys for Defendant American Police Officers Alliance, Inc.

Thomas C. Flowers, Esq.
Quintairos, Prieto, Wood & Boyer
141 W. Jackson Blvd
Suite 1575
Chicago IL 60604
312-566-0040
ARDC No. 6310862
Thomas.flowers@qpwblaw.com